## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

COX OKLAHOMA TELCOM, L.L.C.,      )
                                  )
                  Plaintiff,      )
                                  )
vs.                               )      Case No. CIV-04-1282-M
                                  )
CORPORATION COMMISSION OF         )
THE STATE OF OKLAHOMA, and        )
SOUTHWESTERN BELL TELEPHONE,      )
L.P., d/b/a SBC OKLAHOMA,         )
                                  )
                  Defendants.     )

## ORDER

Before the Court is defendant Southwestern Bell Telephone, L.P. d/b/a AT&T Oklahoma's[1]

("AT&T") Motion to Vacate Stay, filed February 23, 2007. On March 13, 2007, plaintiff filed its

response.

I.    Introduction

On November 5, 1999, the Federal Communications Commission ("FCC") issued an order

declaring that incumbent local exchange carriers must make their inside wire subloops[2] available

to competitive local exchange carriers.[3] The rates, terms, and conditions for a competitor's access

to an incumbent's telecommunications network, including the inside wire subloops, are governed

---

[1]At the time of the filing of this case, defendant Southwestern Bell Telephone, L.P. was doing business as "SBC Oklahoma." Southwestern Bell is now doing business in Oklahoma as "AT&T Oklahoma," and that name will be used throughout this Order, save for the style of the case.

[2]Inside wire subloops consist of a pair of wires that run from a terminal, which is typically mounted on the outside wall of a building, to the first telephone jack in the customer's office or apartment.

[3]AT&T is an incumbent local exchange carrier; plaintiff is a competitive local exchange carrier.

by interconnection agreements between the carriers.  If the parties cannot negotiate an agreement, they may petition for arbitration before the relevant state commission.  47 U.S.C. § 252.  Plaintiff and AT&T entered into negotiated agreements in 1997 and 2002; neither agreement, however, included any provisions for the lease of inside wire subloops at multiple tenant environments, such as multi-unit apartment and office buildings.

On March 24, 2003, plaintiff filed an application before the Oklahoma Corporation Commission ("OCC") requesting that the OCC arbitrate the subloop lease issue.  Plaintiff asserted that it should be granted direct physical access to AT&T's inside wire subloops, which it defined as access to AT&T's terminals by plaintiff's technicians without the involvement of AT&T's technicians.  After a hearing, the arbitrator issued a recommended decision denying plaintiff's request.  On June 28, 2004, the OCC adopted the arbitrator's decision with minor modifications.

On October 6, 2004, plaintiff filed the instant action seeking to overturn the OCC's decision.  On October 27, 2004, plaintiff filed a petition before the FCC for a declaratory ruling on the direct access issue.[4]  The same date, plaintiff filed a motion in the instant action to stay these proceedings based on the primary jurisdiction of the FCC.  On January 6, 2005, a hearing on the motion to stay was held, and on January 18, 2005, the Court granted the motion to stay and stayed this matter "until the FCC issues a dispositive ruling on Cox's October 27, 2004 Petition for Declaratory Ruling."  January 18, 2005 Order [docket no. 37] at 5.[5]

---

[4]On November 4, 2004, the FCC issued a Public Notice seeking comments on plaintiff's petition; the comment period closed on December 21, 2004.

[5]This action was originally before United States District Judge Tim Leonard.  On August 21, 2006, this action was reassigned to United States District Judge Vicki Miles-LaGrange.

II.    Discussion

Because it has been over two years since the stay was entered, AT&T now moves this Court to vacate the stay.  Initially, the Court would note that it declines to reconsider the propriety of Judge Leonard's January 18, 2005 Order granting the stay in this matter.  Prior to the ruling, fairly extensive briefing had been filed and a hearing was conducted.  Further, in his order, Judge Leonard set forth the applicable Tenth Circuit case law and made specific findings as to why a stay is appropriate in this case.  Finally, the Court finds the time to file any motion to reconsider the January 18, 2005 Order has clearly passed, and, thus, the Court will solely address whether the stay should be vacated based upon the length of time it has been, and will continue to be, in effect.

In its motion, AT&T asserts that the stay in this case has become indefinite and hence unlawful.  However to support this assertion, AT&T relies on case law regarding stays in general rather than stays entered on the basis of primary jurisdiction.  Whenever a case is stayed on the basis of primary jurisdiction, "'the judicial process is suspended pending referral of such issues to the administrative body for its views.'" *Williams Pipe Line Co. v. Empire Gas Corp.*, 76 F.3d 1491, 1497 (10th Cir. 1996) (quoting *United States v. Western Pac. R.R. Co.*, 352 U.S. 59, 64 (1956)).  *See also Mical Commc'ns, Inc. v. Sprint Telemedia, Inc.*, 1 F.3d 1031, 1040 (10th Cir. 1993) (staying action pending issuance of dispositive ruling by FCC).  Thus, simply due to the nature of stays entered on the basis of primary jurisdiction and due to the purpose behind the doctrine of primary jurisdiction, the Court finds that stays on this basis often are of indefinite length and are not inherently unlawful.

However, due to the length of time that the current stay has been entered, the Court finds it appropriate to determine whether the length of the stay warrants vacating the stay in this case.  In

the January 18, 2005 Order, the Court found:

> Based on these standards, the court finds that a limited stay of this matter is warranted. While the parties vehemently dispute whether the OCC's ruling comports with prior FCC precedent, there is no doubt that the precise issue of direct access to inside wire subloops in multiple tenant environments is currently pending before the FCC. "There is therefore a real possibility that a decision by this court prior to the FCC's response to [Cox's] petition would result in conflicting decisions." Mical Communications, Inc. v. Sprint Telemedia, Inc., 1 F.3d 1031, 1040 (10th Cir. 1993). As the OCC's decision remains in effect during the pendency of this appeal, none of the parties will be prejudiced by a limited stay to permit the FCC to rule on Cox's petition.

January 18, 2005 Order at 4-5. Additionally, in its response, plaintiff advises the Court that the FCC has indicated to counsel that plaintiff's petition is currently under active review.

Having carefully reviewed the parties' submissions, the court file in this matter, and the applicable case law, the Court finds that the length of time the stay has been, and likely will continue to be, in effect does not warrant vacating the stay at this time. All of the reasons which justified granting the stay in January, 2005 are still just as applicable today – there is still a real possibility that a decision by this Court prior to the FCC's response to plaintiff's petition would result in conflicting decisions. Further, the FCC has not stopped its review of plaintiff's petition but has indicated that the petition is currently under active review. Finally, the Court finds that AT&T is not prejudiced by the stay in this case because the OCC's decision remains in effect during the pendency of this case.

Accordingly, the Court DENIES AT&T's Motion to Vacate Stay [docket no. 46]. However, in order to keep abreast of the status of plaintiff's petition before the FCC, the Court DIRECTS plaintiff to file status reports with this Court every three (3) months until the FCC issues its decision. Finally, because the Court has denied the motion to vacate stay, the Court hereby STRIKES this

matter from its April, 2007 Status and Scheduling Conference docket.

**IT IS SO ORDERED this 22nd day of March, 2007.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE